UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Mikell Smalley, | ) | C/A No. 1:15-cv-04033-JFA-KDW |
|                Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
|   vs. | ) | |
| | ) | |
| S. C. Electric Cooperatives/Aiken County Electric, | ) | |
| | ) | |
|                Defendant. | ) | |
| | ) | |

      This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

      Terry Mikell Smalley ("Plaintiff") is a prison inmate, currently confined at Ridgeland Correctional Institution in Ridgeland, South Carolina. Plaintiff alleges Defendant "failed and refused to take proper steps to return capital credits for former members." Compl. 3, ECF No. 1. He also "alleges breach of fiduciary duty and unfair trade practices and 4th amendment violations." *Id*. Plaintiff attaches and refers to an eight-page document titled "NOTICE OF CLASS ACTION SETTLEMENT" from a South Carolina Court of Common Pleas case: *Mitchum v. Aiken Elec. Coop*., No. 2014-CP-02-0288. ECF No. 1-1 ("Settlement Document"). With the exception of an additional allegation of "4th amendment violations," Plaintiff's minimal allegations in the Complaint under review appear to have been

taken directly from the second paragraph of page 3 of the Settlement Document, *id*. at 3, without providing any factual support for these legal conclusions. Plaintiff alleges he "was a plaintiff in this case, but excluded [himself] from it because [he does] not agree with the settlement and wish[es] to pursue [his] own lawsuit against the electric cooperatives." ECF No. 1 at 3.[1] Plaintiff asks the court to award him $1 million in damages. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint

---

[1] Plaintiff's name does not appear on the Settlement Document.

filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

The Complaint under review should be summarily dismissed because it fails to state any plausible claims that can be considered under this court's limited subject-matter jurisdiction. In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). The court's obligation to examine its own subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331; and (2) "diversity of citizenship," 28 U.S.C. § 1332. Plaintiff's allegations do not fall within the scope of either form of this court's

limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, both Plaintiff and Defendant are residents of South Carolina.[2] *See, e.g.*, *Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (diversity jurisdiction requires that no party on one side of a case may be a resident of the same state as any party on the other side of the case); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (complete diversity required); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (same). While Plaintiff's request for relief indicates that the $75,000 jurisdictional amount would be in controversy in this case if plausible claims were stated, this does not matter because, in absence of the required diversity of citizenship among the parties, the amount in controversy is irrelevant.

---

[2] Even though Defendant appears to be a corporate or business entity and not a human being, it is still a "resident" of South Carolina as that term is legally understood because it is clear that its principal places of business are within several South Carolina counties. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F. Supp. 667, 669 (D.S.C. 1964).

Second, it is also clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal-question" jurisdiction. Although Plaintiff alleges Defendant committed a violation of the "4th Amendment," ECF No. 1 at 3, this is a "legal conclusion" unsupported by any factual allegations. As a result, no plausible claim for relief is stated under 42 U.S.C. § 1983, the federal statute under which citizens may seek compensation in specific circumstances for constitutional violations in civil actions.[3] It is settled that initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. January 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other plausible basis for the exercise of this court's federal-question jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed when insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Twombly,* 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim he seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same).

To state a plausible cause of action under § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991,

6

1002 (1982). As previously stated, Plaintiff's conclusory assertion that Defendant violated the Fourth Amendment is not supported by any factual allegations from which this court can infer that Defendant qualifies as a state actor. Additionally, there are no facts alleged from which it could be inferred that Defendant did anything that violated Plaintiff's right to protection from unreasonable search and/or seizure of his person, house, papers, or effects, which is the individual interest that the Fourth Amendment to the United States Constitution protects. *See* U. S. Const. amend. IV; *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 62-64 (1992).

Moreover, Plaintiff's conclusory assertions that Defendant committed "unfair trade practices" and breached "fiduciary duties" to Plaintiff do not state any plausible claims that this court could consider under any form of its limited jurisdiction. While the State of South Carolina has statutes that provide civil redress for "unfair trade practices" under specific circumstances, S.C. Code Ann. §§ 39-5-10 through 39-5-560; *see* § 39-5-140 (providing a private right of action for damages for violation of the act), there is no similar federal statute or constitutional provision. *See Akers v. Bonfasi*, 629 F. Supp. 1212, 1221-22 (M.D. Tenn. 1985) (collecting cases standing for the proposition that 15 U.S.C. § 45 delegates authority over trade-practice matters to the Federal Trade Commission, but does not provide a private right of action). Additionally, it is settled that a claim of "breach of fiduciary duty" is a state-law-based claim, not a federal claim. *See Med. Park OB/GYN, P.A. v. Ragin*, 321 S.C. 139, 141 (Ct. App. 1996) (recognizing that a claim of breach of fiduciary duty is a state-law claim not preempted by the federal ERISA statutes); *see also Low v. VantageSouth Bank*, No. 4:13-cv-3396-BHH, 2015 WL 1275396, at *1 (D.S.C. Mar. 18, 2015) (breach of fiduciary duty is a state-law claim); *In re Int'l Payment Grp., Inc.*, No. 7:11-cv-3363-TMC, 2012 WL 1107840, at *1 (D.S.C. Apr. 2, 2012) (same). Generally, this court could only consider such state-law-based claims in an action based on diversity

7

jurisdiction, which, as previously noted, is not available in this case because both parties are South Carolina residents. Also, in absence of any plausible federal-question or diversity claims as stated above, there is no basis on which this court could exercise its supplementary jurisdiction to consider closely related or "pendent" state-law based claims. *See* 28 U.S.C. § 1367(c)(3) (court can decline to continue the action as to pendent claims if "the district court has dismissed all claims over which it has original jurisdiction").

IV.     Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 29, 2015                                                   Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).